**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

SONU SINGH, )
)
Petitioner, )
)
v. ) Case No. CIV-26-1613-J
)
WARDEN, DIAMONDBACK )
CORRECTIONAL FACILITY, et al., )
)
Respondents. )

**ORDER**

Petitioner Sonu Singh, a noncitizen from India, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Stephens issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing within seven days or otherwise release him. (Rep. & Rec.) [Doc. No. 10]. Respondents filed a timely objection [Doc. No. 11], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). Petitioner did not object.

For the reasons discussed below, the Report and Recommendation is respectfully DECLINED.

**I. Relevant Background**

Petitioner entered the United States on or about January 10, 2025 and was detained by Immigration and Customs Enforcement (ICE) the same day. He was then placed in expedited removal proceedings under 8 U.S.C. § 1225(b)(1)(A)(i). In February 2025, ICE vacated its expedited-removal order and served Petitioner with a Notice to Appear (NTA), placing him in

removal proceedings under 8 U.S.C. § 1229a. His subsequent asylum application was denied in May 2026 and he was ordered removed; however, Petitioner appealed to the Board of Immigration Appeals and that appeal is still pending. [Doc. No. 13].

## II. <u>Report and Recommendation</u>

Upon review, Judge Stephens concluded that (1) 8 U.S.C. § 1225(b)(1) applies to Petitioner's situation, thus mandating detention, but that (2) his prolonged detention without a hearing violates his substantive due process rights. *See* Rep. & Rec. at 4-18.[1] As a remedy, Judge Stephens recommended the Court order Respondents to provide Petitioner with a bond hearing. *See id.*

## III. <u>Analysis</u>

Respondents agree that Petitioner is subject to § 1225(b)(1) but object to Judge Stephens' substantive due process analysis. They argue that Petitioner's constitutional rights are limited to the relevant statutory language and Congress mandated detention under § 1225(b)(1). [Doc. No. 11]. Respondents add that Petitioner's detention has an obvious termination point and he is therefore not facing indefinite detention. *See id.* In this limited instance, and in the absence of clear Supreme Court or Tenth Circuit authority supporting Petitioner's arguments, the Court agrees with Respondents. *See Giraldo Nieto v. Ceja*, 839 F. Supp. 3d 1012, 1024 (D. Colo. 2025) (finding that detention pending removal proceedings is nonpunitive, finding no evidence of intended punishment or detention for an illegitimate purpose, and collecting cases finding no substantive due process violation in mandatory detention under § 1225(b)(1)); *Gonzalez Aguilar v. Wolf*, 448 F. Supp. 3d 1202, 1212 (D.N.M. 2020) (holding that petitioner's mandatory detention did not

---

[1] Judge Stephens concluded that Petitioner lacked a procedural due process right to a bond hearing, *see* Rep. & Rec. at 8, and Respondents do not object to this finding.

violate her substantive due process rights where her detention was not indefinite and collecting cases in support); *de la Rosa Espinoza v. Guadian*, No. 20-3126-JWL, 2020 WL 3452967, at *8 (D. Kan. June 24, 2020) (finding no substantive due process violation in a prolonged mandatory detention, particularly where petitioner's detention was not indefinite).

## IV. Conclusion

For the reasons above, the Report and Recommendation [Doc. No. 11] is respectfully DECLINED and Petitioner's Petition is DENIED.

A separate judgment will enter.

IT IS SO ORDERED this 4th day of November, 2026.



BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE